**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

KEVIN HODGES,

          Plaintiff,

          v.

ANDREW CURTAIN M.D.,

          Defendant.

Civil Action No. 25-15356 (ZNQ) (RLS)

**OPINION**

**QURAISHI, District Judge**

       This matter comes before the Court on Plaintiff Kevin Hodges's civil complaint (ECF No. 1) and application to proceed *in forma pauperis*. (ECF No. 1-1.) Also before the Court is Plaintiff's motion seeking the appointment of counsel. (ECF No. 3.) Having reviewed the application, this Court finds that *in forma pauperis* status is warranted in this matter, and Plaintiff's application is therefore granted. Because the application shall be granted, this Court is required to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice and his counsel motion shall be denied in light of the dismissal of the complaint.

## I.      **BACKGROUND**

       Plaintiff is a convicted state prisoner confined in the Mid-State Correctional Facility. (ECF No. 1 at 2.) According to the complaint, Plaintiff suffered a "bad fall" in April 2021, for which he

received treatment from Defendant in the summer of 2021. (*Id.* at 5.) According to Plaintiff, Defendant misdiagnosed a back injury as a herniated disc, and as a result in October 2021, Plaintiff became paralyzed. (*Id.*) Plaintiff was thereafter properly diagnosed with a partially broken spine and a spinal cord compression, requiring immediate surgery in late 2021. (*Id.* at 5-6.) Plaintiff asserts that he became aware of this issue by reading medical records in July 2023. (*Id.*) Plaintiff now seeks to raise a federal civil rights claim and a medical malpractice claim against Defendant, a doctor at St. Francis Hospital. (*Id.*)

## II.    LEGAL STANDARD

Because Plaintiff shall be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A

complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause

of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]'

devoid of 'further factual enhancement.'"    *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544,

555, 557 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face."  *Id.* (quoting

*Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  *Id.* (quoting *Twombly*, 550 U.S. at 556).  A complaint that provides facts

"merely consistent with" the defendant's liability it "stops short of the line between possibility and

plausibility" and will not survive review under Rule 12(b)(6).  *Id.* (quoting *Twombly*, 555 U.S. at

557).  While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se*

litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown

Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).


III.    **DISCUSSION**

In his complaint, Plaintiff seeks to raise medical malpractice and deliberate indifference to

medical needs claims against Defendant Curtain, a doctor employed at a private hospital who

provided him with treatment.  Turning first to Plaintiff's civil rights claims, to raise a medical

claim under 42 U.S.C. § 1983, a plaintiff must plead facts indicating that a state actor was

deliberately indifferent to his medical needs.  *See Natale v. Camden County Corr. Facility*, 318

F.3d 575, 581-82 (3d Cir. 2003).  Deliberate indifference is a "subjective standard of liability

consistent with recklessness" which will be fond only where the defendant "knows of and

disregards an excessive risk to inmate health or safety."  *Id.* at 582 (internal quotations omitted).

Deliberate indifference therefore requires more than mere negligence.  S*ee King v. Cnty. of*

3

*Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008).  A medical need will be considered sufficiently serious to support a constitutional claim where that need "has been diagnosed as requiring treatment or is so obvious that a lay person would easily recognize the necessity of a doctor's attention."  M*onmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert denied*, 486 U.S. 1006 (1988).  Where a prisoner has received treatment, he may generally therefore not show deliberate indifference by asserting only his disagreement or dissatisfaction with the treatment he received.  *See Hairston v. Director Bureau of Prisons*, 563 F. App'x 893, 895 (3d Cir. 2014); *White v. Napolean*, 897 F.2d 103, 110 (3d Cir. 1990); *Andrews v. Camden Cnty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000).

Here, Plaintiff asserts what essentially amounts to a garden variety case of medical negligence – a misdiagnosis and resulting mistreatment of his back injury.  Such allegations, however, are insufficient to state a claim for relief under § 1983 and the Eighth Amendment.  *See Natale*, 318 F.3d at 581-82; *Hairston*, 563 F. App'x at 895; *King*, 302 F. App'x at 96; *White*, 897 F.2d at 110.  Plaintiff thus fails to state a plausible claim for relief under federal civil rights laws. Even were this not the case, however, Plaintiff's federal claims would suffer a further deficiency – such claims can only be raised against those acting under color of state law, physicians employed by private hospitals are generally not proper defendants in a federal civil rights matter.  *See, e.g., Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175-76 (3d Cir. 2010) (section 1983 liability requires defendant "acted under color of state law"); *Turner v. Children's Hosp. of Philadelphia*, 378 F. App'x 124, 126 (3d Cir. 2010) (private medical providers are not proper civil rights defendants without facts showing their actions were "fairly attributable to the state").  As Plaintiff has pled no facts which would support the inference that the sole named Defendant was acting under color of state law, and as he appears instead to be a private physician

4

employed at a private hospital, Plaintiff's complaint would fail to state a plausible claim for relief for that reason as well.

In his remaining claim, Plaintiff asserts a state law claim for medical malpractice. Because this Court has already dismissed the sole claim over which it has original jurisdiction, however, this Court must decline to supplemental jurisdiction over this claim. *See Stone v. Martin*, 720 F. App'x 132, 136 (3d Cir. 2017); *see also* 28 U.S.C. § 1367(c)(3). As this Court declines supplemental jurisdiction over Plaintiff's medical malpractice claim, that claim is dismissed without prejudice to Plaintiff refiling that claim in state court. Finally, because this Court will dismiss Plaintiff's complaint in its entirety, Plaintiff's motion seeking appointed counsel (ECF No. 3) is denied.

## IV.    CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-1) is **GRANTED**; and Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

        /s Zahid N. Quraishi
        ZAHID N. QURAISHI,
        UNITED STATES DISTRICT JUDGE